**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                December 11, 2015

Courtroom Deputy:  Kathleen Finney
Court Reporter:      Terri Lindblom
Probation Officer:   Gary Burney

---

**Criminal Action No.  15-cr-00182-REB**

<u>*Parties:*</u>                                                    <u>*Counsel:*</u>

UNITED STATES OF AMERICA,                    Peter McNeilly

   Plaintiff,
v.

GEORGE WILLIAM SPENCER,                     Richard Kornfeld
                                                                    Megan Downing
   Defendant.

---

**SENTENCING MINUTES**

---

**9:02 a.m.     Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the

presentence report and addendum with the defendant.

Also pending before the court relevant to sentencing are the following papers: the **Defendant's Objections and Corrections to the Presentence Report** [#29] filed November 23, 2015; the **Defendant's Motion for Variant Sentence** [#30] filed December 1, 2015; the **United States' Response to Defendant's Motion for Variant Sentence** [#33] filed December 4, 2015; and the **United States' Motion to Decrease Offense Level by One Additional Level Pursuant to U.S.S.G. § 3E1.1(b)** [#34] filed December 10, 2015.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows: the **Defendant's Motion for Variant Sentence** [#30] is **GRANTED**, as supplemented by the anticipated sentence of this court; the **United States' Motion to Decrease Offense Level by One Additional Level Pursuant to U.S.S.G. § 3E1.1(b)** [#34] is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **thirty (30) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore,

      that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

   - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

   - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

   - the following explicit or special conditions of supervised release:

     - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

     - that the defendant shall not possess or use illegally controlled substances;

     - that the defendant shall not possess or use any firearm, ammunition, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

     - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

     - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

     - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation and an alcohol substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that

        to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall submit his person, property, house, apartment, or other form of residence, papers, and/or office to a search conducted by a United States probation officer; failure to submit to such a search may be grounds for revocation of supervised release; the defendant shall warn any other occupant that the premises may be subject to a search pursuant to this condition of supervised release; however, a probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the area or areas to be searched contain evidence of this violation; and must be conducted at a reasonable time and in a reasonable manner;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood; and

11. That the defendant is remanded to the custody of the United States Marshal.

The defendant is advised of the right to appeal the sentence imposed by the court.

**9:52 a.m.     Court in recess.**

Total time in court: 00:50

Hearing concluded.